**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KIM MARIE DIESEL, *individually and on behalf of all others similarly situated*,<br><br>                Plaintiff,<br><br>                v.<br><br>THE PROCTER & GAMBLE COMPANY, and DOES 1 through 10,<br><br>                Defendants. | Case No. 4:22-cv-892<br><br>State Court Case No. 22SL-CC03349 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant The Procter & Gamble Company ("P&G") hereby removes the above-captioned action from the Circuit Court for St. Louis County, Missouri (where this action bore the case number Case No. 22SL-CC03349) to the United States District Court for the Eastern District of Missouri. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

In further support of this Notice of Removal, P&G states as follows:

**PROCEDURAL HISTORY**

1. On July 18, 2022, Plaintiff Kim Marie Diesel, on behalf of herself and all others similarly situated in Missouri, filed the removed case, *Diesel v. The Procter & Gamble Company et al.*, Case No. 22SL-CC03349, in the Circuit Court for St. Louis County, Missouri, which is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri, Eastern Division. A true and correct copy of the Petition is attached as **Exhibit 1**. Attached as **Exhibit 2** is a true and correct copy of the Summons that issued.

2.  Exhibits 1 and 2 constitute all the process, pleadings, and orders that have been served upon P&G in connection with Case No. 22SL-CC03349, in the Circuit Court for St. Louis County, Missouri. No other documents are on file in the state court as of the date of this removal notice. *See* Local Rule 2.03.

3.  A true and correct copy of the state court docket in Case No. 22SL-CC03349 is attached as **Exhibit 3**, as Local Rule 2.03 requires.

## NATURE OF THE REMOVED ACTION

4.  Plaintiff is Kim Marie Diesel, who alleges she is a citizen and resident of Missouri. Ex. 1, ¶ 7.

5.  Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio. *Id.* ¶ 9.

6.  Plaintiff alleges that P&G improperly advertises certain of its DayQuil cold and cough products as "Non-Drowsy." *Id.* ¶ 1. In particular, Plaintiff brings claims related to her and other Missouri residents' purchases of DayQuil products that contain dextromethorphan hydrobromide ("DXM") and have been marketed as Non-Drowsy (the "Products"). *Id.* ¶¶ 2–3. According to Plaintiff, it is misleading for P&G to advertise the Products as Non-Drowsy because DXM is "scientifically proven to cause drowsiness." *Id.* ¶ 1.

7.  Plaintiff has brought claims against P&G for (i) breach of warranty, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Missouri Merchandising Practices Act. *Id.* ¶¶ 78–113.

8.  Plaintiff asserts claims on behalf of herself and a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products from July 18, 2017, to July 18, 2022. *Id.* ¶ 14.

9. Plaintiff requests compensatory damages, restitution, disgorgement, attorneys' fees, and injunctive relief. *Id.* at 18 & ¶ 104.

## VENUE

10. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing St. Louis, Missouri, the location where the state court case was pending.

## REMOVAL IS TIMELY

11. Plaintiff served the Petition on P&G on July 27, 2022.

12. Removal is timely under 28 U.S.C. § 1446(b) because this notice of removal was filed on August 25, 2022, which is within 30 days of service of the Petition.

## BASIS FOR REMOVAL

13. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). P&G also invokes all other grounds for removal that exist under applicable law. The action therefore is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

14. Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (i.e. where at least one member of a putative class of plaintiffs is a citizen of a State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6). This action satisfies CAFA's requirements.

15. This case qualifies as a "class action" under CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the case is an "asserted class action" that "comports with Missouri Supreme Court Rule 52.08." Ex. 1 ¶ 13. Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is similar to Federal Rule of Civil Procedure 23. *Compare* Mo. Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

16. The minimal diversity requirement is met here. Plaintiff is a citizen of Missouri and P&G is not. *See* Ex. 1 ¶ 7 ("Plaintiff Kim Marie Diesel is a citizen and resident of St. Louis County, Missouri."), ¶ 9 (P&G is an Ohio corporation with principal place of business in Cincinnati, Ohio).

17. CAFA's numerosity requirement is satisfied as well. Plaintiff has alleged claims on behalf of a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products between July 18, 2017, and July 18, 2022. Ex. 1 ¶ 1 & ¶ 14. Plaintiff alleges that the class "includes thousands of individuals on a statewide basis." *Id.* ¶ 15. Thus, the proposed class exceeds 100 people.

18. CAFA's amount in controversy requirement is met as well. To determine the amount-in-controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To calculate that amount, the district court must "add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v.*

4

*Knowles*, 568 U.S. 588, 592 (2013).  When making this calculation, the Court should determine whether a factfinder "might" conclude, based on the allegations in the operative pleading, that the damages are over $5 million.  *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (where "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much" (internal marks omitted)); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." (internal marks omitted)).

19. To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

20. Here, the amount in controversy exceeds $5 million.[1]

21. *First*, Plaintiff seeks damages of over $5 million.  Plaintiff claims that if she "had been aware of the falsity and misleading nature of Defendant's claims regarding the Product," then she "would not have bought the Product."  Ex. 1 ¶ 70.  Plaintiff also seeks "institution of a

---

[1] For purposes of this Notice of Removal, P&G has calculated the amount-in-controversy assuming Plaintiff's allegations are true and warrant relief. P&G maintains, however, that Plaintiff's allegations are untrue and its claims are meritless. Nothing in this Notice should be interpreted as a waiver or relinquishment of any defense or objection to Plaintiff's Petition.

5

constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct." Ex. 1 ¶ 105.  Plaintiff seeks that remedy on behalf of a class of purchasers of Products from July 18, 2017, to July 18, 2022.  *Id.* at ¶ 1 & ¶ 14.  P&G's retail sales of the Products in Missouri were approximately $20 million during that period.  Thus, because Plaintiff claims that she and other class members would not have purchased the product, and she is seeking disgorgement of over $5 million of "compensation obtained by Defendant" during the Class Period, this case meets the $5 million amount in controversy requirement.  *See Pirozzi*, 938 F.3d at 984 (so long as "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court" (internal marks omitted)).

22.    *Second*, Plaintiff seeks injunctive relief.  When measuring the value of injunctive relief for CAFA jurisdictional purposes, in particular, courts in this Circuit have considered the cost to a defendant of complying with an injunction in determining the amount in controversy.  *See Adams v. Am. Fam. Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008).  Here, the injunctive relief sought by Plaintiff appears to include corrective changes to the packaging of the Products.  *See* Ex. 1 ¶ 76 (alleging that Plaintiff "faces an imminent threat of harm because she will not be able to rely on Defendant's labels in the future (without relief)").  Changing the Products' packaging could require P&G to (1) recall the Products from stores; (2) destroy all of the Products' packaging; (3) redesign that packaging; (4) redesign any advertising that incorporates the current packaging; and (5) re-ship the Products to stores with the new packaging.  To ensure compliance with such injunctive relief, P&G would need to change its packaging nationwide.  On information and belief, this process would cost millions.  *Cf. Fefferman v. Dr. Pepper Snapple*

6

*Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (estimating that "the corrective advertisement campaign would cost Defendants approximately $4,985,000," including the costs of unused packaging and reclaiming unsold products from retailers).

23. *Finally*, Plaintiff seeks reasonable attorney's fees, which are potentially available for the claims brought under the Missouri Merchandising Practices Act. *See* Ex. 1 at 18; Mo. Rev. Stat. § 407.025.1.2(2). Those attorney's fees may be included as part of the amount in controversy calculation. *See Pirozzi*, 938 F.3d at 984.

24. Taken together, the compensatory relief, injunctive relief, and attorneys' fees easily satisfies CAFA's amount in controversy requirement. *See Pirozzi*, 938 F.3d at 984 (standard for amount-in-controversy is what plaintiff "might" recover).

25. Plaintiff's attempt to limit the relief requested by her Petition to less than $5 million through a stipulation does not affect the analysis. The Supreme Court has held that such a stipulation does not defeat CAFA jurisdiction "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co.*, 568 U.S. at 593. Another judge in this Court recently rejected a similar attempt by Plaintiff's counsel to use a similar stipulation to defeat federal jurisdiction. *See Fischer v. Vital Pharms., Inc.*, No. 4:22-cv-136, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022) ( "[T]he Supreme Court of the United States specifically rejected this exact argument.").

26. P&G therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.

27. Although CAFA contains several exceptions to jurisdiction, "[t]he party seeking remand bears the burden of proof for a CAFA exception." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir.

7

2010) ("Once CAFA's initial jurisdictional requirements have been established . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies.").

28. It is unlikely that Plaintiff will be able to prove that CAFA's "local controversy" or "home state" exceptions apply.

29. The local controversy exception applies only when the case involves at least one in-state defendant from whom "significant relief" is sought. 28 U.S.C. § 1332(d)(4)(A)(i)(II). Here, P&G is not a Missouri citizen. *See* Ex. 1 ¶ 9 (P&G is an Ohio corporation with principal place of business in Ohio). The local controversy exception thus does not apply.

30. Likewise, the home state exception can apply where the requirements set forth in 28 U.S.C. § 1332(d)(3) are met. One of those requirements is that the "primary defendants are citizens of the State in which the action was originally filed." *Id.* As discussed above, P&G is not a citizen of Missouri, and so this exception cannot apply.

## NOTICE TO ADVERSE PARTY AND STATE COURT

31. Pursuant to 28 U.S.C. § 1446(d), P&G served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

> Daniel F. Harvath, #57599MO
> **HARVATH LAW GROUP, LLC**
> 75 W. Lockwood, Suite #1
> Webster Groves, MO 63119
> dharvath@harvathlawgroup.com

32. Pursuant to 28 U.S.C. § 1446(d), P&G will promptly file a notice of this removal filing with the Clerk of the Circuit Court for St. Louis County, Missouri.

33. P&G will promptly file proof of having filed this Notice of Removal with the clerk of the state court and having served it on all adverse parties, as Local Rule 2.03 requires.

8

## CONCLUSION

34. The recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit.  P&G reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief.  By removing this matter, P&G does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses.  P&G does not concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever.

35. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, P&G hereby removes the above-captioned action from the Circuit Court for St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.


Dated: August 25, 2022.                                   Respectfully Submitted:

                                                          POLSINELLI PC

                                                          By:  */s/ Britton St. Onge*
                                                          Britton St. Onge (#62256MO)
                                                          100 S. Fourth Street, Suite 1000
                                                          St. Louis, MO 63102
                                                          Tel. 314-889-7024
                                                          bstonge@polsinelli.com

                                                          *Attorney for Defendant The Procter
                                                          & Gamble Company*

## CERTIFICATE OF SERVICE

       I hereby certify that on August 25, 2022, the foregoing Notice of Removal was served by U.S. Mail and email on the following:

Daniel F. Harvath, #57599MO
HARVATH LAW GROUP, LLC
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
dharvath@harvathlawgroup.com

*Attorney for Plaintiff*

                                         */s/ Britton L. St. Onge*