**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KIM MARIE DIESEL, *individually and on behalf of all others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:22-cv-892<br>) |
| THE PROCTOR & GAMBLE COMPANY, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand, Doc. [9]. Plaintiff originally filed her petition in the Circuit Court for the County of St. Louis, Missouri, Doc [5]. Defendant The Procter & Gamble Company ("P&G" or "Defendant") removed this case by invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Doc. [1]. Plaintiff moved to remand the case back to state court, *see* 28 U.S.C. § 1447(c), arguing that the amount in controversy is not met. Doc. [9]. For the reasons that follow, the Court denies Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff Kim Marie Diesel filed this Class Action Petition alleging various violations of Missouri law by Defendants P&G and Does 1 through 10. Doc. [5]. Plaintiff alleges P&G mislabels its DayQuil products as "non-drowsy." Plaintiff asserts that the statement is false and misleading because the product contains dextromethorphan hydrobromide, which can cause drowsiness in consumers. Plaintiff filed a four-count Petition for: (1) breach of warranty (Count I); (2) breach of implied contract (Count II); (3) unjust enrichment (Count III); and (4) violations

1

of the Missouri Merchandising Practices Act ("MMPA") (Count IV), Mo. Rev. Stat. § 407.020. Doc. [5].  Plaintiff seeks compensatory damages, restitution, attorney's fees, and "such further relief as the Court deems just, including injunctive relief" on behalf of a putative class of Missouri citizens who purchased DayQuil products over a five-year period in Missouri.  *Id.* at 18.  After Defendant removed this action, averring jurisdiction under 28 U.S.C. § 1332(d), Doc [1], Plaintiff filed the instant Motion, Doc. [9], opposing removal on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of $5,000,000 necessary to establish jurisdiction under CAFA.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts.  28 U.S.C. § 1441(a).  CAFA, 28 U.S.C. § 1332(d), grants federal district courts original jurisdiction over class action cases where "the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

The party seeking removal—here, Defendant—under CAFA bears the burden of establishing these jurisdictional requirements by a preponderance of the evidence.  *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017).  "Under the preponderance standard, the jurisdictional fact is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are."  *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation omitted).  To establish the requisite amount in controversy,

Defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). This includes "affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard." *Faltermeier v. FCA US LLC*, 4:15-cv-00491-DGK, 2016 WL 10879705, at *2 (W.D. Mo. May 26, 2016), *aff'd*, 899 F.3d 617 (8th Cir. 2018). If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III.  DISCUSSION

Plaintiff moves for remand on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of $5,000,000 necessary to establish CAFA jurisdiction. The Court does not agree and concludes that Defendant showed by a "preponderance of the evidence" that the amount in controversy is met, and that Plaintiff did not establish to a "legal certainty" that the claim is for less than the requisite amount. *Dammann*, 856 F.3d at 583; *Bell*, 557 F.3d at 956.

Plaintiff first argues that her stipulation of damages prevents removal pursuant to CAFA. In her Petition, Plaintiff stipulated that she disclaimed—on behalf of herself and the "purported class"—any recovery exceeding $5,000,000. Doc. [5] at 18. The Supreme Court of the United States specifically rejected this exact argument. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591–93 (2013). As explained by the Court of Appeals for the Eighth Circuit, the "Supreme Court explained [in *Standard Fire*] that precertification damages stipulations could not defeat CAFA-jurisdiction." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018).

3

Plaintiff states that her "full" stipulation addresses the concerns in *Standard Fire* regarding a pre-certification stipulation for damages.  *See* Doc. [12-3].  Plaintiff points to language in her "full" stipulation that states "[i]f Plaintiff [] is replaced as named representative in this Action, Plaintiff's counsel stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery."[1]  Doc. [12-3].  This Court, as well as others, has found this attempted work-around of *Standard Fire* unavailing.  *See, e.g.*, *Dedloff v. Target Corp.*, 4:22-cv-00868-JAR, 2022 WL 5241807, at *3 (E.D. Mo. Oct. 6, 2022) (rejecting an identical stipulation).  Notably, whether Plaintiff is replaced as class representative is legally irrelevant.  Plaintiff's stipulation of damages cannot be used to defeat CAFA jurisdiction because she "cannot legally bind members of the proposed class before the class is certified."  *Standard Fire*, 568 U.S. at 593.

Next, Plaintiff argues Defendant failed to point to "specific facts" to meet its burden to show CAFA's amount in controversy requirement is met.  Defendant cites to a declaration by Ilonka Laviz ("Laviz"), the Vice President of Vick's North America at P&G, which contains Laviz's assertion that "P&G's retail sales of the DayQuil products in Missouri were approximately $20.5 million" in the five years preceding Plaintiff's action.  Doc [12-1] ¶ 6.  In other words, evidence before the Court demonstrates DayQuil sales in Missouri during the period at issue are approximately *four times greater* than the $5,000,000 jurisdictional threshold.[2]  Thus, this sworn declaration is sufficient evidence to establish the amount in controversy here.  *See, e.g.*, *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888–89 (8th Cir. 2013) (finding affidavits of total sales figures

---

[1] Plaintiff's "full" stipulation also states, "Plaintiff and counsel intend for this Stipulation to continue to apply to, and bind, any other class members bringing any claim in this specific Action."  Doc. [12-3].  As explained in this Memorandum and Order, a plaintiff cannot legally bind members of the proposed class before the class is certified. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).

[2] The alleged putative class is purchasers of DayQuil products over a five year period in Missouri. Doc. [5] ¶ 14.

4

sufficient evidence to establish CAFA's amount in controversy); *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (concluding evidence of the challenged product's sales, which included sales of parties not part of the narrowly defined class, sufficient to prove CAFA's amount in controversy); *Fischer v. Vital Pharms., Inc.*, 4:22-cv-136-MTS, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022) (considering declaration of sales to exceed CAFA's $5,000,000 threshold); *Ahmad v. Panera Bread Co.*, 4:21-cv-311-CDP, 2021 WL 5447000, at *3 (E.D. Mo. Nov. 16, 2021) (same).  The Court is even more convinced that Defendant has carried its burden when considering the total sales in conjunction with Plaintiff's request for attorney's fees, *Faltermeier*, 899 F.3d at 621–22, and injunctive relief, *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005).

Because Defendant—the party seeking to remove—has shown CAFA's jurisdictional minimum by a preponderance of the evidence, the case belongs in federal court unless "plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956.  Plaintiff attempts to meet this burden by arguing she seeks to recover only "a percentage of the price paid for the Product," which would mean recovery from "just a small fraction of what the total sales of the Product were in Missouri."[3]  Doc. [9] ¶ 4; *see, e.g.*, Doc. [5] ¶ 75 (alleging "Plaintiff was damaged in the amount of the difference between the cost paid for the Product as represented – as one that was 'Non drowsy,' and the actual value of the products.  Said difference for most Plaintiffs would therefore be a percentage of the price paid for the Product.").  But Plaintiff ignores her other allegations where she seeks to recover a *full* refund.  *See, e.g.*, Doc. [5] ¶ 105 (seeking disgorgement for "profits, benefits, and other compensation" arising from P&G's allegedly inequitable conduct).  Even if it is "highly improbable" that Plaintiff

---

[3] Notably, Plaintiff makes no attempt to identify the *actual* percentage she will seek to recover.

5

will recover the amounts Defendant has put into controversy, the legally impossible standard is not met here. *Raskas*, 719 F.3d at 888. The Court concludes Plaintiff failed to show that it is legally impossible for her and the putative class to recover more than $5,000,000.

## Conclusion

Because Defendant has shown by a preponderance of the evidence that the amount in controversy exceeded CAFA's jurisdictional minimum, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [9], is **DENIED**.

Dated this 15th day of November, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE